# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 11, 2009

Charles R. Fulbruge III
Clerk

No. 08-10836
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESSICA ROMERO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:08-CR-9-ALL

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jessica Romero appeals the sentence imposed following her guilty plea conviction for transporting illegal aliens for private financial gain. Romero argues that the district court erred by applying an enhancement pursuant to U.S.S.G. § 2L1.1(b)(6) for her creating a substantial risk of death or serious bodily injury to another person. Romero maintains that her conduct did not rise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a level sufficient to support the enhancement and that her intended conduct could not be used to support the enhancement.

We review the district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Whether Romero's conduct in transporting illegal aliens warranted the § 2L1.1(b)(6) enhancement is a legal question that we review de novo. *See United States v. Solis-Garcia*, 420 F.3d 511, 514 (5th Cir. 2005).

If a transporting-aliens offense "involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person," the defendant's offense level should be "increase[d] by 2 levels, but if the resulting offense level is less than level 18," it should be "increase[d] to level 18." § 2L1.1(b)(6). "Reckless conduct to which the adjustment . . . applies includes a wide variety of conduct (e.g., transporting persons in the trunk or engine compartment of a motor vehicle, carrying substantially more passengers than the rated capacity of a motor vehicle or vessel, or harboring persons in a crowded, dangerous, or inhumane condition)." *Id.*, comment. (n.5).

The record shows that Romero transported aliens in the uncovered bed of her pickup truck on an isolated dirt road in the middle of the night for a time period of less than one and a half hours. She then turned onto Highway 163, and she was stopped by Border Patrol agents shortly thereafter.

In *United States v. Cuyler*, 298 F.3d 387, 388-89 (5th Cir. 2002), this court considered the application of § 2L1.1(b)(6)[1] to a defendant who was apprehended while driving on Interstate 10 with four illegal aliens in the uncovered bed of his pickup truck. This court held that the application of the enhancement was proper because "[a]liens who are unrestrained easily can be thrown from the bed

---

[1] At the time, the subsection that is now § 2L1.1(b)(6) was numbered § 2L1.1(b)(5). *See* § 2L1.1(b)(5) (2001).

of the pickup in the event of an accident or other driving maneuver of the sort that is unavoidable in highway driving." *Id.* at 391.

In *United States v. Angeles-Mendoza*, 407 F.3d 742, 750-51 & n.16 (5th Cir. 2005), the defendants transported illegal aliens in the bed of a modified pickup truck covered only by a tarp or heavy rubber cover. The defendants challenged the district court's application of an enhancement under § 2L1.1(b)(6), arguing that *Cuyler* was inapplicable because there was no evidence that the aliens had been transported on a highway. *Id.* at 750-51 & n.17. This court rejected the defendants' attempt to distinguish *Cuyler*, holding that "[o]ver the long distances that the aliens were transported in this operation, there existed the similar, substantial risk that the aliens might 'be thrown from the bed of the pickup in the event of an accident or other driving maneuver of the sort.'" *Id.* at 751 n.17 (quoting *Cuyler*, 298 F.3d at 391).

While Romero attempts to distinguish *Cuyler* and *Angeles-Mendoza* by noting that she barely traveled on a highway and did not travel a long distance, *Cuyler* "dictates that the adjustment is appropriate where the smuggled aliens are transported in the bed of a pickup truck." *Angeles-Mendoza*, 407 F.3d at 751. Romero has not shown that the district court erred by applying the enhancement. *See id.* As the conduct Romero committed was sufficient to support the enhancement, we do not reach the issue of whether the enhancement could have been applied based upon Romero's intended conduct.

AFFIRMED.